**MOORE, Plaintiff-Appellee, v. WILLIAMS et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23611. Decided February 23, 1956.

Charles Fleck, David Perris, for plaintiff-appellee.
B. Bill Murad, Michael A. Picciano, for defendants-appellants.

(STEVENS, PJ, HUNSICKER, J, DOYLE, J, of the Ninth District, sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER, J:

This is an appeal on questions of law and fact.

The case has been tried in this court de novo on the transcript of testimony taken in the Common Pleas Court, along with the exhibits and deposition there submitted. This court adheres to the rulings made in the trial court with respect to the admission and rejection of evidence and exhibits.

Agnes Y. Moore is the owner of property at 3774 E. 143rd Street, Cleveland, Ohio. Buck Williams and his wife, Rosa, are owners of adjoining property on the south, known as 3778 E. 143rd Street. Mrs. Moore is asking this court for a mandatory injunction against Mr. and Mrs. Williams, ordering them to remove a fence which Mr and Mrs. Williams have erected on the lot line separating the two properties. Mrs. Moore says that this fence prevents her from using a driveway over the

Williams land, upon which driveway she claims an easement for ingress and egress to the rear of her property. Mr. and Mrs. Williams deny that any easement over this driveway ever was created, or arose, in favor of Mrs. Moore or her predecessors in title.

In the course of the trial in the court below, counsel for Mrs. Moore were asked several times by the trial judge upon what theory they were claiming the easement. The answer given by one of counsel for Mrs. Moore was as follows, at page 95 of the transcript of testimony: "I am claiming that an easement was created through the ownership of two properties, a common driveway between them, and it isn't a question of mere use."

Again, when counsel for Mrs. Moore was asked by the trial judge, "Are you claiming your easement by grant or by prescription?" he replied, "I would say by grant. And to show that, I want to prove that the common owner of both properties and the common owner put the first driveway on both lots."

Later, on page 193 of the transcript, one of counsel for Mrs. Moore said:

"If I didn't create an easement through severance and the deed made, then I don't have any. * * * We don't need to go into the question of adverse possession. My position is, the man owning it severed it, and then, recognizing the circumstances, gave it by deed in '29. and the fact that it was open and visible, of course, is part of it."

The question, then, for this court to determine, is whether there was created by a joint owner of these two properties an easement by grant for driveway purposes over the land now owned by Mr. and Mrs. Williams. This is the sole theory upon which this case was presented to the court.

The evidence shows that: Sam and Mary Caputo bought what is called herein 3774 E. 143rd Street on September 3, 1917, and 3778 E. 143rd Street on August 9, 1920; on March 31, 1922, the Caputos sold both parcels to Joel Kalish; on October 16, 1924, Kalish sold both parcels to Rose Rosenfeld; on March 24, 1925, Rose Rosenfeld sold both parcels to Adolph Rachbuch.

Thereafter, parcel 3774 E. 143rd Street was owned as follows: from March 24, 1925, to April 13, 1926, by Adolph Rachbuch; from April 13, 1926, to July 1, 1926, by Rose Rosenfeld; from July 1, 1926, to May 11, 1928, by Adolph Rachbuch; from May 11, 1928, to March 18, 1929, by Rose Rosenfeld (Weisberg); from March 18, 1929, to June 27, 1929, by Sam Rosenfeld; from June 27, 1929, to January 20, 1930, by Eva J. Sacheroff; from January 20, 1930 (title obtained by sheriff's deed—foreclosure of mortgage), to August 13, 1930, by Equity Savings and Loan Company.

On September 4, 1930, a permit to build a garage in the rear of this parcel was obtained.

From August 13, 1930, to September 17, 1935, by Angelo and Mary Vedda; from September 17, 1935, to November 15, 1946, by Jennie Bionda; from November 15, 1946, to February 15, 1952, by Joseph Rogner; from February 15, 1952, to August 8, 1952, by Sadie Perkins; from August 8, 1952, to present time, by Agnes Y. Moore.

After March, 1925, 3778 E. 143rd Street was owned as follows: from

March 24, 1925, to October 31, 1925, by Adolph Rachbuch; from October 31, 1925, to July 1, 1926, by Rose Rosenfeld; foreclosure of mechanic's lien pending since April 9, 1926; from July 1, 1926 to June 20, 1927, by Adolph Rachbuch; from June 20, 1927, to July 6, 1928, by Mark B. Mead, purchaser at sheriff's sale; from July 6, 1928, to June 12, 1931, by John M. Errington; from June 12, 1931, to May 24, 1943, by Equity Savings and Loan Company; from May 24, 1943, to present time, by Buck M. Williams and Rosa Williams, the appellants herein.

On June 27, 1929, Sam Rosenfeld and Rose Rosenfeld, husband and wife, gave a quitclaim deed for sublot 136, also known as 3774 E. 143rd Street, to Eva J. Sacheroff. In this deed to sublot 136, the following statement is found:

"Also and together with the right to a driveway in common between the owners and, or, occupants of the premises herein conveyed and the premises immediately adjoining and adjacent thereto, on and along the southerly line thereof. Said driveway being parallel to said southerly line of said premises herein conveyed and seven feet in width, beginning from the westerly side of Kinner Avenue (now known as East 143rd Street) and extending back of equal width to the rear line of said premises herein conveyed 100 feet. Also the privilege of ingress and egress in, on and along said driveway. This easement to be construed as an easement running with the land herein conveyed."

At this time—June 27, 1929—neither Sam nor Rose Rosenfeld owned sublot 138, also known as 3778 E. 143rd Street, for the record above set out shows that John M. Errington was the then owner of this sublot 138.

Sam Rosenfeld or Rose Rosenfeld could not grant any right in sublot 138 or transfer any interest therein by the quitclaim deed to Eva J. Sacheroff. There is no other provision contained in any of the deeds, and there is no independent grant of an easement to any part of the premises known as 3778 E. 143rd Street, found in the evidence submitted to this court.

There is likewise no evidence of an implied grant contained in the evidence herein. At the time both properties were ownd by Rose Rosenfeld, there was no garage in the rear of 3774 E. 143rd Street, for permission to build such a garage was not obtained until September 4, 1930, at which time this property was owned by Angelo and Mary Vedda

We believe we have covered in minute detail all that the evidence shows with respect to a possible claim of easement as made by Agnes Y. Moore herein. The evidence fails to establish such right. The case of **Trattar v. Rausch, 154 Oh St 286,** is no authority for the claim of Mrs. Moore, for the court there said:

"2. An easement in or over the land of another may be acquired only by grant, express or implied, or by prescription.

"3. Implied easements are not favored because they are in derogation of the rule that written instruments speak for themselves.

"4. An implied easement is based upon the theory that whenever one conveys property he included in the conveyance whatever is necessary for its beneficial use and enjoyment and retains whatever is necessary for the use and enjoyment of the land retained.

"5. To be the basis of an implied easement upon the severance of the

ownership of an estate a use must be continuous, apparent, permanent and necessary."

The appellee in this appeal on questions of law and fact has failed to establish her claim. The request for a mandatory injunction is denied. The parties will prepare and submit an appropriate journal entry, assessing the costs, including the cost of the transcript of all the testimony, against the appellee, Agnes Y. Moore.

Decree accordingly.

STEVENS, PJ, DOYLE, J, concur.